UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN MENDEL TAYLOR, JR.,

    Petitioner,

v.                                   Case No: 2:14-cv-315-FtM-29MRM
                                      Case No. 2:12-CR-112-FTM-29DN

UNITED STATES OF AMERICA,

    Respondent.

_____

## **OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Docs. #1, #2; Cr. Doc. #47)[1] filed on June 9, 2014. Petitioner moved to supplement the record, which was granted, and the Motion for Leave to Supplement the Record (Cv. Doc. #6) was accepted as a supplement. The government filed a Response in Opposition to Motion (Cv. Doc. #11) on August 11, 2014. The petitioner filed a Traverse (Cv. Doc. #12) on September 2, 2014, replying to the government.

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On October 3, 2012, a federal grand jury in Fort Myers, Florida returned a six-count Indictment (Cr. Doc. #3) charging petitioner with possession with intent to distribute over 28 grams or more of crack cocaine (Count One); three counts (Counts Two, Four, and Five) of possession of a firearm and ammunition by a convicted felon; one count of possession of ammunition by a convicted felon (Count Six); and possession with intent to distribute for hum consumption a quantity or mixture containing MDMA (Count Three). On March 4, 2013, petitioner appeared before the Magistrate Judge and entered a plea of guilty on all counts. (Cr. Doc. #33.) The pleas were accepted and petitioner was adjudicated guilty. (Cr. Doc. #36.)

At sentencing, the Court determined that the Base Offense Level was 26 because the offense involved 49.6 grams of crack cocaine and 13.7 grams of MDMA, but petitioner's sentence was enhanced under the career offender provisions of U.S. Sentencing Guidelines Manual § 4B1.1. Petitioner was 24 when he committed the instant offense, one of the offenses involves a controlled substance, and petitioner had at least two prior felony convictions at the time for either a crime of violence or a controlled substance offense, i.e. the sale or delivery of cocaine and resisting an officer-flee elude law enforcement officer with

lights siren active. The application of the career offender enhancement was undisputed. This resulted in an Enhanced Total Offense Level of 31 after deducting three levels for acceptance of responsibility.

On June 16, 2013, counsel filed a Sentencing Memorandum (Cr. Doc. #39) seeking a downward departure for an over-representation of petitioner's criminal history, and for due consideration to the 18 U.S.C. § 3553(a) factors. The Court granted the downward departure over the government's objection finding that a Criminal History Category VI substantially over-represented the seriousness of petitioner's criminal history and departed to a Category V. (Cr. Doc. #52.) This lowered the applicable guideline range to 168 to 210 months of imprisonment. (Cr. Doc. #50, p. 10.) The Court also considered the § 3553(a) factors at length, including petitioner's family history. (Id., p. 27.) On June 17, 2013, the Court sentenced petitioner to a term of imprisonment of 120 Months as to each count, to be served concurrently, followed by a term of supervised release. (Cr. Doc. #40.) Judgment (Cr. Doc. #42) was filed on June 18, 2013.

Petitioner did not file a direct appeal with the Eleventh Circuit, and the conviction became final 14 days after the Judgment on June 25, 2013. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Petitioner timely filed his Motion under

§ 2255 on June 9, 2014, and within one year of his conviction and judgment becoming final. See 28 U.S.C. § 2255(f)(1).

On September 1, 2015, the Court appointed counsel to review petitioner's eligibility for a reduction in his sentence under Amendment 782 of the U.S. Sentencing Guidelines. (Cr. Doc. #139.) On April 7, 2016, after notice of a determination that a motion would not be filed on behalf of petitioner because he was sentenced as a career offender and not based on the drug quantity table in U.S. Sentencing Guidelines Manual § 2D1.1(c), the Court relieved the Federal Public Defender as counsel of record. (Cr. Doc. #59.)

**II.**

Petitioner argues that his counsel was ineffective for not arguing that Florida's drug statute does not contain an element of "knowing", and therefore the sale or delivery of cocaine should not have counted to qualify petitioner for the career offender enhancement. Petitioner further argues that the conviction is not a "controlled substance offense" because under the categorical approach, a conviction under Fla. Stat. § 893.13(1) is not a drug trafficking offense.

**A. Evidentiary Hearing Standard**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . .

." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (a hearing is not necessarily required whenever ineffective assistance of counsel is asserted). To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). Viewing the facts alleged in the light most favorable to petitioner, the Court finds that the record establishes that petitioner is not entitled to relief, and therefore an evidentiary hearing is not required.

**B. Ineffective Assistance of Counsel Standard**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient

because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

**C. Career Offender Status**

Under the career offender provisions of the United States Sentencing Guidelines, a defendant is deemed a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2016). As relevant here, the term "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or

a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Guidelines Manual § 4B1.2(b) (2016).

It is now well established, and from the plain and unambiguous language of § 4B1.2(b), that knowledge of the illicit nature of the substance or an element of *mens rea* is not required in order for an offense under Fla. Stat. § 893.13(1) to qualify as a controlled substance offense. United States v. Smith, 775 F.3d 1262, 1267 (11th Cir. 2014); United States v. Burton, 564 F. App'x 1017, 1019 (11th Cir. 2014). In Smith, the Eleventh Circuit explicitly rejected the same arguments being made by petitioner:

> Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance.

Smith, 775 F.3d at 1268. Petitioner cannot show deficient performance, or prejudice, for failure to raise an issue that was without merit. "Given that Descamps[2] and Donawa[3] address other

---

[2] Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013) (examining burglary under the Armed Career Criminal Act).

[3] Donawa v. U.S. Attorney Gen., 735 F.3d 1275 (11th Cir. 2013) (examining under the Immigration and Nationality Act).

federal statutes and do not address whether an offense under Florida Statutes § 893.13(1)(a) is a controlled substance offense under U.S.S.G. § 4B1.2(b)," see Burton, 564 F. App'x at 1019–20, petitioner's reliance on these cases is also misplaced. The motion will be denied.

Any issues raised by counsel under Johnson v. United States, 135 S. Ct. 2551 (2015) or Beckles v. United States, 137 S. Ct. 886 (2017), were deemed moot by the Court's April 3, 2017 Order (Cv. Doc. #23).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #47) is **DENIED.**

2. Due to counsel's failure to respond to the Order to show cause (Cv. Doc. #24), the Clerk shall provide a copy of this Opinion and Order directly to petitioner.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA